UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FLOYD BOURN, | No. 2:16-cv-2110 KJM DB PS |
| Plaintiff, | |
| v. | ORDER |
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, Steven Bourn, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 1 & 2.) Therein, plaintiff complains about state court criminal proceedings.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

---

[1] This matter was reassigned from the previously assigned Magistrate Judge to the undersigned on June 21, 2017. (ECF No. 3.)

1

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

As noted below, plaintiff's complaint is deficient in several respects.

### A) Rule 8

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint largely consists of 95 pages of vague and conclusory, and sometimes incorrect, allegations. For example, the complaint alleges that plaintiff is "domiciled at . . . County of Butte Alaska, upon the LANDMASS of the County of Butte, State of California . . . ."[2] (Compl. (ECF No. 1) at 3.) That "[j]urisdiction of this matter is vested in this SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF BUTTE . . . ." (Id.) "That it is a fact, that FEMINISM has both illegally infested, and has permeated the modern court systems." (Id. at 33.) That the defendants conspired to violate plaintiff's rights by "adhering to a foreign and unlawful form of government called RADICAL THIRD WAVE FEMINISM . . . ." (Id. at 51.) That the defendants initiated an "UNLAWFUL and UNDECLARED WAR against" the plaintiff. (Id. at 74.)

Moreover, the complaint's causes of action do not clearly assert which defendant or defendants the causes of action are asserted against. Instead the causes of action, "restate[] and incorporate[] by reference all forgoing paragraphs" throughout the complaint. (Id. at 23, 29, 33.)

---

[2] Plaintiff's address of record is listed as Wasilla, Alaska.

3

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

**B)** **Statute of Limitations**

Plaintiff's complaint also asserts that is brought, in part, pursuant to 42 U.S.C. § 1983. (Compl. (ECF No. 1) at 1.) 42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, it appears that the dates alleged in plaintiff's complaint range from April 13, 1977, to March 3, 2014. (Compl. (ECF No. 1) at 14, 21.) This action was filed on September 2, 2016. (ECF No. 1.)

**C)** **Rooker-Feldman**

Plaintiff's complaint alleges that "several courts" have "never either ADDRESSED OR ANSWERED THE LAW OF THE CASE which was tendered and presented before each court." (Compl. (ECF No. 1) at 6) (emphasis in original.) In this regard, plaintiff complains he was "not .

4

. . afforded a fair trial, nor has given (sic) proper nor lawful APPELLATE REVIEW in which to correct the errors of the several courts, whom have heard this matter . . . ." (Id.) The complaint specifically cites to two cases from the Butte County Superior Court. (Id. at 21.)

However, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

### E) Sovereign Immunity

As noted above, the complaint alleges it is brought pursuant to 42 U.S.C. § 1983 and names as a defendant the State of California. (Compl. (ECF No. 1) at 1.) However, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver,"

Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted).

"To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192. The Ninth Circuit has specifically recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

### F) **Judicial Immunity**

The complaint names United States Magistrate Judge Edmund Brennan as a defendant, for actions allegedly taken "in both his individual and professional capacities . . . ." (Compl. (ECF No. 1) at 13.) The complaint references a case involving Magistrate Judge Brennan, Steven Floyd Bourn v. People of the State of California, et al., No. 2:10-cv-3067 GEB EFB P. (Id. at 11.) However, "[j]udges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

### G) **18 U.S.C. § 241 & 18 U.S.C. § 242**

The complaint's first cause of action is for "VIOLATIONS OF PLAINTIFF'S TITLE 18 USCA §§ 241 & 242." (Compl. (ECF No. 1) at 23.) However, 18 U.S.C. § 241 and 18 U.S.C. § 242 are criminal statutes that provide no basis for civil liability. E.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); Agnew v. Compton, 239 F.2d 226, 230 (9th Cir. 1956) ("Appellant first points to 18 U.S.C. 241 and 242. As these are criminal statutes, however, they provide no basis for this civil suit.").

**H)** **Fraud**

The complaint's second cause of action asserts a claim of fraud. (Compl. (ECF No. 1) at 32.) Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). Here, plaintiff's complaint does not identify who committed what fraud, beyond simply referring to "each Defendant." (Compl. (ECF No. 1) at 29.)

**I)** **Malicious Prosecution**

The complaint alleges claims for malicious and vindictive prosecution. (Compl. (ECF No. 1) at 37-44.) Beyond vague and conclusory allegations, however, the complaint does not address the elements of a claim for malicious prosecution or identify which defendant or defendants engaged in the alleged malicious prosecution. Nor does the complaint address the disposition of the alleged malicious prosecution.

In this regard, "[m]alicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause . . . . The test is whether the defendant was actively instrumental in causing the prosecution." Sullivan v. County of Los Angeles, 12 Cal.3d 710, 720 (Cal. 1974). "Under 42 U.S.C. § 1983, a criminal defendant may maintain a malicious prosecution claim against *inter alia* police officers who wrongfully caused her prosecution." Mazzetti v. Bellino, 57 F.Supp.3d 1262, 1268 (E.D. Cal. 2014) (citing Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011); Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004)).

To prevail on a § 1983 claim of malicious prosecution, the plaintiff must show that the defendant prosecuted plaintiff: (1) with malice; (2) without probable cause; and (3) "'[f]or the purpose of denying [plaintiff] equal protection or another specific constitutional right.'" Awabdy, 368 F.3d at 1066 (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); see also Lassiter v. City of Bremerton, 556 F.3d 1049, 1054-55 (9th Cir. 2009)("[p]robable cause is

an absolute defense to malicious prosecution"). "Further, because the state tort common law has been incorporated into the elements of a § 1983 malicious prosecution claim, a plaintiff must generally show that the prior prosecution terminated in a manner that indicates innocence, i.e. a favorable termination." Mazzetti, 57 F.Supp.3d at 1268 (citing Awabdy, 368 F. 3d at 1066-68).

**J)   RICO**

Plaintiff's complaint also asserts a cause of action for "R.I.C.O. Violations." (Compl. (ECF No. 1) at 84.) To state a RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." Chang v. Chen, 80 F.3d 1293, 1300-01 (9th Cir.1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). These so-called "predicate acts" under RICO must be alleged with specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004); see also Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988); Pineda v. Saxon Mortgage Services, No. SacV 08-1187 JVS, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity).

Here, the complaint simply alleges that on "March 24, 2010 and at all times thereafter . . . each defendant" engaged in "a pattern of force, violence, threat, innuendo, direct attack and false arrest, imprisonment and assault and battery," as part of "an ongoing CRIME SYNDICALISM

under R.I.C.O." (Compl. (ECF No. 1) at 84.)

**III.   Leave to Amend**

For the reasons stated above, plaintiff's complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete

in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims. Moreover, plaintiff's amended complaint <u>shall be limited to 35 pages in length,</u> properly spaced, with 12 point font.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed September 2, 2016 (ECF No. 1) is dismissed with leave to amend.[3]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[4] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: September 25, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\bourn2110.dism.lta.ord

---

[3] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.
[4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

11

12